(No. 80-CV-0062-)

*In re* APPLICATION OF ANN VAN SCHAIK.

*Opinion filed November 23, 1981.*

ANN VAN SCHAIK, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on March 3, 1979. Ann Van Schaik, wife of the deceased victim, Roger Van Schaik, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on July 23, 1979, on the form prescribed by the Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant's deceased husband, Roger Van Schaik, age 31, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: murder (Ill. Rev. Stat. 1977, ch. 38, par. 9—1).

2. That on March 3, 1979, the victim and his work partner were shot by an unknown offender while on duty as policemen. The incident occurred on the street at 1123 W. 115th Street, Chicago, Illinois. While the victim and

his partner were making a routine check of two citizens regarding a traffic matter, the offender pulled up alongside the victim in his automobile. The offender then exited his automobile, produced a gun and shot the victim and his partner. The offender apparently shot the victim in revenge for allegedly arresting him on a prior occasion. The victim's partner was also fatally shot. The victim was pronounced dead on arrival at Roseland Community Hospital. The offender was apprehended, convicted of murder and given the death penalty.

3. That the Claimant seeks compensation for funeral expenses and for loss of support for herself and her minor child, Erica Van Schaik.

4. That the Claimant incurred funeral and burial expenses in the amount of $4,627.00 of which the Claimant has paid $4,627.00, of which $2,000.00 has been deemed reasonable and therefore compensable by the Court.

5. That the Claimant and her minor child, Erica, were totally dependent upon the victim for support.

6. That prior to his death, the victim was employed by the City of Chicago Police Department and his average monthly earnings were $1,142.87.

7. That section 4 of the Act states ". . . loss of support shall be determined on the basis of the victim's average monthly earnings for the six months immediately preceding the date of the injury or on $500.00 per month, whichever is less."

8. That the victim was 31 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States,* 1978, life tables, volume II, his life expectancy would have been 72.4 years. The projected loss of sup-

port for 41.4 years is in excess of $10,000.00 which is the maximum amount compensable under section 7(e) of the Act.

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 of life insurance paid or payable to the Claimant.

11. That the Claimant has received $50,000.00 under the Public Safety Officers Benefit Act, $20,000.00 under the Law Enforcement Officers Benefit Act, and $19,731.00 under the Municipal Code of the City of Chicago. The Claimant and her minor child are also the recipients of a $15,000.00 trust fund under the Municipal Code of the City of Chicago.

The total amount of these benefits, or $104,731.00 can be counted as applicable deductions.

12. That the Claimant and her minor child are currently receiving benefits under the policemen's annuity and benefit fund, which also include children's annuity benefits. Through the benefits of this fund, the Claimant and her minor child are to receive $1,258.60 per month, to a total of $271,857.60 until October 1996, when the Claimant's minor child will have reached the age of majority. The Claimant will then continue to receive a monthly check through the same fund until 2011, at which time she will be eligible for widow's pension. The

Claimant also currently receives social security benefits in the amount of $403.60 per month and has received $255.00 in social security burial benefits. In addition, the Claimant received $15,000.00 in life insurance as a result of the victim's death.

None of these benefits can be counted as applicable deductions under the Act.

13. That the total amount for which the Claimant seeks compensation is as follows:

| | |
|---|---|
| Loss of support (41.4 years at $500 per month) | $248,400.00 |
| Compensable funeral expenses | 2,000.00 |
| Total | $250,400.00 |
| Less applicable deductions | -104,731.00 |
| Less $200.00 deductible | -200.00 |
| Net loss | $145,469.00 |

14. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of $10,000.00 maximum allowed in section 7(e) of the Act.

15. That the Claimant's interest would be best served if the award hereunder would be paid pursuant to the alternative provisions of section 8 of the Act.

It is therefore, hereby ordered that the sum of $10,000.00 (ten thousand dollars) be and is hereby awarded to Ann Van Schaik, wife of Roger Van Schaik, an innocent victim of a violent crime to be paid and disbursed to her as follows:

(a) $2,000.00 (two thousand dollars) to be paid to Ann Van Schaik;

(b) Sixteen (16) equal monthly payments of $500.00 (five hundred dollars) each to be paid to Ann Van Schaik for the use and benefit of herself and her minor child Erica Van Schaik;

(c) In the event of the death or marriage of the Claimant or the Claimant's children, it is the duty of the personal representative of the Claimant to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.